**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD MILLER and DORRIS MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| VILLAGE OF MAYWOOD and POLICE | ) | |
| OFFICERS DONNA LEWIS, MICHAEL | ) | |
| BABICZ, DSHAUN BOLDEN, NOLAN, | ) | |
| and UNKNOWN OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

NOW COMES the Plaintiff, RICHARD MILLER and DORRIS MILLER, by and through counsel, THE LAW OFFICE OF JARRETT ADAMS, PLLC and SHILLER PREYAR JARARD & SAMUELS, and complaining of the defendants, VILLAGE OF MAYWOOD and POLICE OFFICERS DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, states as follows:

## INTRODUCTION

This is a civil action seeking damages against the defendants for committing acts under color of law and depriving Plaintiff of his rights secured by the Constitution and laws of the United States of America.

## JURISDICTION

1.  This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.     The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States of America.

3.     Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4.     Plaintiffs RICHARD MILLER and DORRIS MILLER are citizens of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5.     Defendants DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS ("Defendant Officers") were, at the time of this occurrence, duly licensed Maywood Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6.     Defendant VILLAGE OF MAYWOOD ("Village") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

## FACTS

7.     On or around 20 May 2020, Richard Miller attended court with his attorney.

8.     On that date, the false charges that had been filed against him by Maywood Police Officers for aggravated fleeing and eluding were dismissed.

9.     Mr. Miller left the Maywood Courthouse at or around noon with his friend, who had driven him to court in her Buick LaCrosse.

10.     While she was driving, he called the mother of his children at or around 12:02 pm to tell her the good news.

11. The call dropped and so Mr. Miller called her back when he'd been dropped off at home, at or around 12:09 pm.

12. While still on the phone with her, Mr. Miller noticed a large police presence outside of his second floor apartment.

13. When he looked out of his back door, Maywood Police Officers spotted Mr. Miller. With their weapons drawn, they ordered Mr. Miller to come out or they would break through his door and force their way inside his apartment.

14. Fearing for his life, Mr. Miller attempted to leave his house through the front door.

15. As Mr. Miller exited out of the front of his apartment complex, he ran into Defendant Lewis.

16. Defendant Lewis pointed her weapon at Richard's head, yelling "you tried to kill me motherfucker," and threatened to shoot him if he moved.

17. At all times relevant, Richard was unarmed, posed no threat to anyone, and had not committed any crime.

18. At the time that he was illegally seized, he had not been committing a crime and was not about to commit a crime. There was no reasonable and articulable suspicion, probable cause, or any other lawful basis to seize Plaintiff.

19. Furthermore, the pointing of a gun at Richard when he posed no threat whatsoever constituted unreasonable and excessive force.

20. Defendant Lewis then called for backup.

21.     When backup arrived, Defendant Officers used unreasonable and excessive force against Plaintiff who, at all times relevant, complied with their commands.

22.     Defendant Officers choked Mr. Miller, placing their knee on his neck while he was handcuffed on the ground, and attempted to break his arms and legs.

23.     When a bystander pointed out that Defendant Officers' use of excessive and unreasonable force would break Mr. Miller's legs, Defendant Lewis responded, "So?"

24.     Defendant Officers then stood him up and choked him before pulling his feet out from under him and dragging Richard to a squad car located at the front of the apartment complex in or around the intersection of 4th and Main.

25.     The entire time the Defendant Officers were abusing Mr. Miller, his phone remained on and with his friend listening.

26.     Richard's mother, Dorris Miller, had been asleep in his apartment when she heard the police threatening to force their way inside the back door. Attempting to ascertain what was going on, she opened the back door and Defendant Officers forced their way inside.

27.     When Defendant Officers could not produce a warrant, Dorris pulled out her phone to call an attorney.

28.     Defendant Babicz took Dorris's phone and told her she could not contact a lawyer until the Defendant Officers were done illegally searching Richard's apartment.

4

29.     The entry of Defendant Officers in Richard's apartment occurred without consent or a warrant. There was no justification for the illegal entry and search of Richard's apartment by Defendant Officers.

30.     Hearing her son's screams for help, Dorris—who has suffered two strokes and has difficulty walking—tried to go downstairs to check on him.

31.     Defendant Officers then locked Dorris out of the apartment, refusing to allow her to re-enter. In so doing, Dorris's freedom of movement was constrained and she was illegally seized.

32.     After arriving at the police station, Defendant Officers held Mr. Miller in the garage where there are no cameras and once more commenced to beating him.

33.     By this time, Mr. Miller's sister had arrived at the police station to ask about him but Defendant Officers denied they had him in custody.

34.     Defendant Officers continued to beat Mr. Miller until he identified a police officer he recognized by name, asking him why he was letting them do this to him.

35.     Defendant Officers then took him into the station.

36.     Defendant Officers held Mr. Miller at the police station for two days, denying him access to medical care while they manufactured charges against him.

37.     In order to charge Mr. Miller with these baseless crimes, Defendant Officers authored, filed, and approved wholly false and inaccurate police reports.

38.    Defendant Officers then caused Mr. Miller to be charged with possessing a stolen vehicle, aggravated fleeing and eluding, reckless conduct, and a host of traffic code violations.

39.    On 18 September 2020, all charges against Mr. Miller were dismissed.

40.    The acts of Defendant Officer were intentional, willful and wanton.

41.    As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

<u>**COUNT I: 42 U.S.C. § 1983 – Illegal Seizure**</u>

42.    Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

43.    The seizure of Plaintiffs performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiffs' rights to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

44.    As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of their liberty and the taking of their person and property.  In addition, the violations proximately caused Plaintiffs to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed her to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiffs, RICHARD MILLER and DORRIS MILLER, purusant to 42 U.S.C. §1983, demand judgment against Defendant Officers, DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Excessive Force

45. Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

46. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

47. Village of Maywood has a history of condoning, excusing, and ratifying the unreasonable use of force by its officers against citizens.

48. Plaintiff complained about the misconduct he suffered at the hands of Defendant Officers but Defendant Maywood failed to take any action to investigate or discipline for their misconduct, or train them to prevent such misconduct from happening again.

49. Instead, supervisory officials within the Maywood Police Department ratified the misconduct of Defendant Officers by approving knowingly false and inaccurate police reports, thereby aiding in their attempts to cover up the misconduct.

50.     As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, RICHARD MILLER, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers, DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, UNKNOWN OFFICERS, and VILLAGE OF MAYWOOD, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C. § 1983 – Failure to Intervene (Excessive Force)

51.     Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

52.     The actions of Defendant Officers constituted unreasonable, unjustifiable, and unlawful excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

53.     Defendant Officers failed to intervene when unreasonable force was used against Plaintiff, as alleged above, even though there was no legal basis for it.

54.     The aforementioned actions of Defendant Officers was the direct and proximate cause of the Constitutional violations set forth above.

55.     As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff pain and suffering, mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace,

and caused him to incur various expenses, including but not limited to attorneys'
fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, RICHARD MILLER, purusant to 42 U.S.C. §1983,
demands judgment against Defendant Officers, DONNA LEWIS, DONNA WELCH,
MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, for
compensatory damages, punitive damages, the costs of this action and attorneys' fees,
and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Illegal Search

56.   Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

57.   The search of Plaintiff's apartment performed willfully and wantonly by
      Defendant Officers, as detailed above, were in violation of Plaintiff's right to be
      free from unreasonable searches and seizures under the Fourth Amendment to
      the Constitution of the United States and 42 U.S.C. §1983.

58.   As a direct and proximate result of the above-detailed actions of the defendants,
      Plaintiff was injured, including the deprivation of his liberty and the taking of his
      person and property.  In addition, the violations proximately caused Plaintiff to
      suffer, without limitation, humiliation, emotional distress, mental anguish,
      exposed him to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, RICHARD MILLER, purusant to 42 U.S.C. §1983,
demands judgment against Defendant Officers, DONNA LEWIS, DONNA WELCH,
MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, for

compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: 42 U.S.C. § 1983 – False Arrest

59. Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

60. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

61. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person.

62. In addition, the violations proximately caused Plaintiff pain and suffering, mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, RICHARD MILLER, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers, DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VI: 42 U.S.C. § 1983 – Denial of Medical Care

63. Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

64.    As described more fully above, Defendant Officers had notice of Plaintiff's objectively serious medical condition but continued to detain Mr. Miller so that he could not receive medical attention.

65.    Despite Defendant Officers' notice, they failed to provide Plaintiff with necessary medical attention, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

66.    As a result of the unjustified and unconstitutional conduct of Defendant Officers, Plaintiff experienced pain, suffering, emotional distress, injury, and risked life-long impairment.

67.    The misconduct of Defendant Officers was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

68.    Alternatively, Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of Plaintiff.

69.    Plaintiff was harmed as a result of the unconstitutional conduct of Defendant Officers including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

WHEREFORE the Plaintiff, RICHARD MILLER, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers, DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, for

compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VII: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

70. Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

71. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

72. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

73. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

74. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

75. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

76. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty. In addition, the violations proximately caused Plaintiff pain and suffering, mental anguish,

embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, RICHARD MILLER, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers, DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VIII: 745 ILCS 10/9-102 – Indemnification

77. Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

78. Defendant Village of Maywood is the employer of the Defendant Officers.

79. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Village of Maywood.

WHEREFORE the Plaintiffs, RICHARD MILLER and DORRIS MILLER, demand that, should any individually-named defendant be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, VILLAGE OF MAYWOOD, be found liable for any judgment Plaintiffs obtain, as well as attorney's fees and costs awarded.

## COUNT IX: Intentional Infliction of Emotional Distress

80. Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

81. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

82. Defendant Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

83. Defendant Village is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Village, and while acting within the scope of their respective employment.

84. As a direct and proximate result of this conduct, Plaintiffs did, in fact, suffer severe emotional distress, resulting in injury to their mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiffs, RICHARD MILLER and DORRIS MILLER, demand judgment against the Defendants, DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, UNKNOWN OFFICERS, and VILLAGE OF MAYWOOD, for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

## COUNT X: Malicious Prosecution

85. Plaintiffs re-allege each of the above paragraphs as though fully set forth here.

86. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

14

87.     Defendant Village is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Village, and while acting within the scope of this employment.

88.     As a direct and proximate result of the malicious prosecution, Mr. Miller was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

        WHEREFORE the Plaintiff, RICHARD MILLER, demands judgment against the DEFENDANT OFFICERS, DONNA LEWIS, DONNA WELCH, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT XI: FOIA Violation

89.     On 21 September 2020, Plaintiff sent the Maywood Police Department, an agency of Defendant Village of Maywood, a FOIA Request for "[a]ny and all documents, files, reports, records, notes, memos, pictures, video (including dash cam, body cam and in-station footage), audio (including radio dispatch), or other documentary material related to: (1) The arrest of Richard Miller that occurred on or around 20 May 2020. RD# JB455888." Defendant received the request on or by 21 September 2020. A true and correct copy of the Request is attached as Exhibit A.

90.    As of the date this Complaint was filed, Defendant has not responded to the

Request.

91.    Upon information and belief, agents of Defendant with knowledge of the request

were aware, from 21 September 2020, through the deadline to respond, that

FOIA required a response to the Request within five business days unless an

extension of another five business days was taken by the initial five-day

deadline.

92.    Upon information and belief, all of the agents of Defendant took the annual

FOIA training required by the FOIA statute. Annual FOIA training materials and

the FOIA statutory language make clear that FOIA required a response to the

Request within five business days unless an extension of another vide days was

taken by the initial five-day deadline.

93.    Upon information and belief, Defendant's employees with the authority to set

policies and procedures that govern FOIA responses ("Defendant's FOIA

Supervisors") were aware, on or before the deadline to respond to the Requests,

that Defendant had been sued multiple times and made the subject of multiple

Attorney General Public Access Counselor requests for review for failing to

respond to FOIA requests in a timely manner.

94.    Upon information and belief, multiple Village of Maywood employees have been

aware of the Request during some or all of the time period from 21 September

2020 to the date this Complaint was filed.

95.     Defendant has willfully and intentionally violated FOIA by failing to respond to

the Request.

WHEREFORE the Plaintiff, RICHARD MILLER, demands judgement against the

Defendant, VILLAGE OF MAYWOOD, and enjoin Defendant from withholding non-

exempt public records under FOIA, order Defendant to pay civil penalties, award

Plaintiff reasonable attorneys' fees and costs, and provide any such other relief as it

deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

**RICHARD MILLER and DORRIS MILLER**

By:     s/ Jarrett Adams
        *One of Plaintiff's Attorneys*
        LAW OFFICES OF JARRETT ADAMS, PLLC
        40 Fulton Street, Floor 23
        New York, New York 10038
        T: (646) 880-9707
        F: (212) 293-5822
        E: jadams@jarrettadamslaw.com

By:     s/ Jeanette Samuels
        *One of Plaintiff's Attorneys*
        SHILLER PREYAR JARARD & SAMUELS
        601 S California Avenue
        Chicago, Illinois 60612
        T: (312) 226-4590
        F: (872) 444-3011
        E: sam@chicivilrights.com

# EXHIBIT A

| | |
|---|---|
| **From:** | Jeanette Samuels on behalf of Jeanette Samuels <sam@chicivilrights.com> |
| **Sent:** | Monday, September 21, 2020 3:43 PM |
| **To:** | vtalley@maywoodpolice-il.org |
| **Subject:** | FOIA Request |

To Whom It May Concern:

Please consider the following as a FOIA request made by Mr. Richard Miller and respond via email to:

Jeanette Samuels
601 S. California
Chicago, Illinois 60612
T: 872.588.8726
E: sam@chicivilrights.com

**Records sought:**

Any and all documents, files, records, notes, memos, pictures, video (including dash cam, body cam and in-station footage), audio (including radio dispatch), or other documentary material related to:

    (1)  The arrest of Richard Miller that occurred on or around 20 May 2020.

This request is not made for a commercial purpose as defined in Section 2(c-1) of FOIA.

Cordially,

____
Jeanette Samuels
Shiller Preyar Jarard & Samuels
601 S. California Avenue
Chicago, Illinois 60612
T: 312-226-4590