IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD AND DORRIS MILLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VILLAGE OF MAYWOOD and POLICE ) <br> OFFICERS DONNA LEWIS, MICHAEL ) <br> BABICZ, DSHAUN BOLDEN, NOLAN, ) <br> And UNKNOWN OFFICERS, ) <br> ) <br> Defendants. ) | Case No. 20 CV 06171 |

**DEFENDANTS' MOTION TO RECONSIDER THE MARCH 2, 2021 ORDER DENYING
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

NOW COME the Defendants, VILLAGE OF MAYWOOD ("Village") and POLICE OFFICERS DONNA LEWIS, MICHAEL BABICZ, DSHAUN BOLDEN AND NOLAN (collectively the "Officers") (collectively the "Defendants"), by and through their attorneys, KLEIN, THORPE, AND JENKINS, LTD., and as its Motion to Reconsider the March 2, 2021 Order Denying Motion To Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 60, states as follows:

**I.     BACKGROUND**

On January 12, 2021, the Defendants filed a Motion to Dismiss Plaintiffs' Complaint which also included a request to stay the district court proceedings pending resolution of the state court criminal proceedings. (Doc. 16-17). This Motion was fully briefed and the Court heard oral argument on this Motion on March 2, 2021. At the March 2, 2021 hearing, this Court denied the Village's Motion in its entirety including the request to stay the proceedings. The Defendants

now bring a Motion to Reconsider this Court's March 2, 2021 Order denying the request to stay the district court proceedings pending resolution of the state court criminal proceedings only.

**II.     ARGUMENT**

Pursuant to Federal Rules of Civil Procedure 60(b), a court may relieve a party from an order for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); …(6) any other reason that justifies relief." F.R.C.P. 60(b). Under Illinois law, a motion to reconsider a prior ruling of the Court is properly brought when (1) the movant presents new facts, (2) new legal authority, *or* (3) when the Court errs in its application of the law. *Stringer v. Packaging Corporation of America*, 351 Ill. App. 3d 1135, 1140 (4th Dist. 2004). The decision as to whether to grant a motion to reconsider is within the trial court's discretion. *Greer v. Yellow Cab Co.*, 221 Ill. App. 3d 908, 915 (1st Dist. 1991). As indicated below, this Court should grant the Defendants' motion to reconsider, as the Court erred in its application of the law.

First and importantly, at the March 2, 2021 hearing, the Court based its decision to deny the stay at least in part on the Plaintiffs' representation that they were not claiming a wrongful conviction or malicious prosecution. This is in fact not the case and the Complaint does contain a count for malicious prosecution. The following exchange took place at the hearing:

> THE COURT: Well, I think, and the Seventh Circuit has said, that Fourth Amendment claims -- that Fourth Amendment claims are not barred by the principal of Heck versus Humphrey, and I am quoting Judge Posner, and he added, As such claims rarely are. It was about a different claim.
> ***But as far as -- in as far as you are not claiming a wrongful conviction, like malicious prosecution, which I don't think you are*** --
>
> MR. ADAMS: ***That is correct, Your Honor***.

> THE COURT: (Continuing) -- *then the case can go forward, it isn't barred by Heck.*

**Transcript of March 2, 2021 Hearing**, attached as **Exhibit A** at pg. 5 (emphasis added). A review of the Complaint (Doc. 3), however, clearly shows that Count X is a claim for Malicious Prosecution. Therefore, this Court based its decision not to stay the proceedings on a misreading of the Complaint along with a misrepresentation from Plaintiffs' counsel at the hearing.

Further, Plaintiffs do not dispute that there are active criminal cases pending which directly relate to and impact this civil matter. Plaintiffs' attorney actually admits at the March 2, 2021 hearing that the pending criminal case is at least "tied to the false arrest claim." **Exhibit A** at pg. 5. In reality, at least five (5) of the eleven (11) counts are directly tied to the pending criminal case. These counts include: Count I – Section 1983 Action (Illegal Seizure); Count IV – Section 1983 Action (Illegal Search); Count V – Section 1983 Action (False Arrest); Count VII – Section 1983 Action (Conspiracy to Deprive Constitutional Rights); and Count X – Malicious Prosecution.

Defendants seek a stay of the present case pursuant to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. *Younger* abstention applies here, because adjudication of Plaintiffs' federal claims would necessarily involve adjudication of the identical issues in dispute in his state criminal proceedings. *See Id.*; *Fuery v. City of Chicago*, No. 07 C 5428, 2008 WL 4874055, *3 (N.D. Ill. June 18, 2008) (*citing Simpson*, 73 F.3d at 135). *See, also, Gakuba v. O'Brien*, 711 F.3d 751, 751 (7th Cir. 2013) (federal claims arising from illegal searches, seizures and detentions involve constitutional issues that a criminal defendant has the ability to litigate during the course of the state criminal case); *see, also, Blanchard v. Weis*, 09 C 1749, 2013 WL 3287115, *1-2 (N.D. Ill. June 24, 2013) (granting defendants' motion

to stay while plaintiff's criminal case was pending on direct appeal before the state appellate court).

A finding on the issues alleged here, that Plaintiffs' constitutional rights were violated through the illegal searches and seizures, and that he was falsely arrested, conspired against, and his prosecution was malicious, would directly interfere with Plaintiff's criminal case for aggravated fleeing and eluding, possession of a stolen motor vehicle, resisting arrest and so forth, in which he raises the identical issues.

Additionally, if the criminal cases result in conviction, that decision may have a preclusive effect on the civil rights claims alleged in the instant case. A § 1983 plaintiff cannot obtain damages in circumstances where the actual relief sought necessarily impugns the validity of a criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477,486-87 (1994). Specifically, *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on appeal . . . ." *Heck* at 486-87. Simply put, Plaintiff cannot file a civil action in which judgment in his favor would imply the invalidity of a criminal conviction. *Id*.

Under these circumstances, a stay of the district court proceedings based on abstention principles is appropriate. Plaintiffs presented no valid arguments either in their response brief or at the March 2, 2021 as to why either the *Younger* abstention doctrine or *Heck* does not apply in this case. Respectfully, Defendants believe that this Court misapplied the law and precedent set by *Younger* and *Heck* which clearly indicate that a stay is appropriate given the pending criminal case which directly relates to and impacts this civil matter.

**WHEREFORE**, the Defendants, VILLAGE OF MAYWOOD and POLICE OFFICERS DONNA LEWIS, MICHAEL BABICZ, DSHAUN BOLDEN AND NOLAN respectfully request that this Honorable Court reconsider its March 2, 2021 Order and enter an Order staying the district court proceedings pending resolution of the state court criminal proceedings and for further relief as may be equitable and just**.**

           Respectfully submitted,

           VILLAGE OF MAYWOOD, POLICE OFFICERS DONNA LEWIS, MICHAEL BABICZ, DSHAUN BOLDEN AND NOLAN

           By: \_\_\_/s/ Caitlyn R. Culbertson_____
               One of their attorneys

Howard Jablecki (hcjablecki@ktjlaw.com)
Anthony G. Becknek (agbecknek@ktjlaw.com)
Caitlyn Culbertson (crculbertson@ktjlaw.com)
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400

```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


  RICHARD MILLER, et al.,        )
                                 )
            Plaintiffs,          )
                                 )
       vs.                       )   Case No. 20 CV 06171
                                 )
  VILLAGE OF MAYWOOD, et al.     )   Chicago, Illinois
                                 )   March 2, 2021
            Defendants.          )   11:13 o'clock a.m.


            TRANSCRIPT OF PROCEEDINGS - HEARING
          BEFORE THE HONORABLE JOAN H. LEFKOW


  APPEARANCES:

  For the Plaintiffs:      LAW OFFICE OF JARRETT ADAMS, PLLC
                           MR. JARRETT ADAMS
                           40 Fulton Street
                           New York, New York 10038
                           646-880-9707
                           jadams@jarrettadamslaw.com


  For the Defendants:      KLEIN, THORPE & JENKINS, LTD.
                           MS. CAITLYN RAE CULBERTSON
                           20 North Wacker Drive
                           Chicago, Illinois 60606
                           312-984-6400
                           crculbertson@ktjlaw.com


  Court Reporter:          FEDERAL OFFICIAL COURT REPORTER
                           MS. KRISTA BURGESON
                           219 South Dearborn Street
                           Chicago, Illinois 60604
                           312-435-5567
                           krista_burgeson@ilnd.uscourts.gov
```

Exhibit A

| | | |
|---|---|---|
| 10:44:19 | 1 | THE CLERK: 20 C 6171, Miller versus Village of |
| 11:13:59 | 2 | Maywood Police. |
| 11:14:01 | 3 | Each party please speak your name one at a time for |
| 11:14:01 | 4 | the record and also each time before you speak, starting with |
| 11:14:06 | 5 | plaintiff. |
| 11:14:06 | 6 | MR. ADAMS: Good morning, Your Honor. Attorney |
| 11:14:08 | 7 | Jarrett Adams. |
| 11:14:08 | 8 | THE COURT: Good morning. |
| 11:14:18 | 9 | MS. CULBERTSON: Good morning, Your Honor. Caitlyn |
| 11:14:20 | 10 | Culbertson on behalf of the defendants. |
| 11:14:25 | 11 | THE COURT: Good morning. |
| 11:14:26 | 12 | And again, sorry to keep you waiting. I was focused |
| 11:14:31 | 13 | on something else and let the time go by. |
| 11:14:37 | 14 | So have you done any discovery in this case? |
| 11:14:40 | 15 | MR. ADAMS: We have not, Your Honor. |
| 11:14:44 | 16 | Right now pending and before the Court is a motion to |
| 11:14:48 | 17 | dismiss. |
| 11:14:49 | 18 | THE COURT: Right, and I did have a question, a |
| 11:14:56 | 19 | couple of questions about that, but you haven't done any like |
| 11:15:01 | 20 | Rule 16 conference or anything waiting for a decision on this |
| 11:15:06 | 21 | motion; is that right? |
| 11:15:08 | 22 | MR. ADAMS: Yeah, Your Honor. |
| 11:15:11 | 23 | And defense counsel, you guys can speak up if I am |
| 11:15:14 | 24 | misstating anything, you know, but this case also involves an |
| 11:15:19 | 25 | underlying criminal matter. That matter was initially |

```
11:15:24   1   dismissed and we brought suit, and after bringing suit, the
11:15:31   2   charges were re-filed.  So defendants filed a motion to
11:15:34   3   dismiss to, you know, basically say that the criminal matter
11:15:38   4   should be resolved before we move forward.  And of course,
11:15:42   5   Your Honor, we disagree, we want to proceed with discovery,
11:15:46   6   but I didn't want to do anything to have to be stopped in the
11:15:51   7   middle.
11:15:51   8            And again, defense counsel, if I am stating anything
11:15:53   9   wrong, you can just jump in.
11:15:55  10            MS. CULBERTSON:  Of course.
11:15:57  11            We did file a motion to dismiss, or in the
11:16:01  12   alternative, to stay the proceedings.  There is a -- as
11:16:03  13   plaintiffs' counsel pointed out, and we would agree with some
11:16:06  14   of what he said, there is an underlying criminal proceeding.
11:16:11  15   I think the timeline that the plaintiffs' counsel is setting
11:16:17  16   forth is not necessarily accurate as we state in our reply
11:16:22  17   brief. But because there is an underlying criminal case that
11:16:30  18   directly involves the issues in this matter, we have asked for
11:16:30  19   a stay of the proceedings, or in the alternative, if this
11:16:33  20   Court were to outright dismiss the case.
11:16:38  21            THE COURT:  Well, I am curious, the case was
11:16:42  22   dismissed on May -- and in whatever year that was, 2019 or
11:16:46  23   2020.
11:16:48  24            Why was it dismissed?  And why could it be brought
11:16:52  25   again?
```

| | | |
|---|---|---|
| 11:16:53 | 1 | MR. ADAMS: Well, I -- |
| 11:16:53 | 2 | MS. CULBERTSON: Your Honor -- |
| 11:16:53 | 3 | I'm sorry, Go ahead. |
| 11:17:00 | 4 | MR. ADAMS: Okay. |
| 11:17:00 | 5 | I was paying particularly close attention to the |
| 11:17:03 | 6 | criminal matter as it was being adjudicated by defense |
| 11:17:08 | 7 | counsel, Attorney Brandon Brown. They proceeded through, you |
| 11:17:13 | 8 | know, the -- they asked for, you know, a speedy trial of the |
| 11:17:17 | 9 | matter, and the State's Attorney's Office just Nolle'd the |
| 11:17:23 | 10 | case, they dismissed it. |
| 11:17:25 | 11 | We found it interesting, Your Honor, that right after |
| 11:17:28 | 12 | them dismissing and us getting in contact with, you know, the |
| 11:17:33 | 13 | defendants in this matter, and basing complaints and bringing |
| 11:17:39 | 14 | ourselves to filing this complaint, you know, then the charges |
| 11:17:41 | 15 | are re-filed. |
| 11:17:43 | 16 | There is no -- we can't -- I would only be |
| 11:17:45 | 17 | speculating, Your Honor, you know, if I guessed why they were |
| 11:17:49 | 18 | re-filed. My client would like to argue that they were |
| 11:17:52 | 19 | re-filed because of continued harassment. I am sure defense |
| 11:17:57 | 20 | counsel would deny that. But Your Honor, I don't have |
| 11:17:59 | 21 | anything definitive. |
| 11:18:02 | 22 | THE COURT: So it was denied for violation of the |
| 11:18:05 | 23 | Speedy Trial Act, which would have been a denial without |
| 11:18:08 | 24 | prejudice. |
| 11:18:08 | 25 | MR. ADAMS: Uh-huh. |

| | | |
|---|---|---|
| 11:18:09 | 1 | THE COURT: So it sounds like lawfully at least one |
| 11:18:12 | 2 | theory would be that it just required the prosecutor to go |
| 11:18:16 | 3 | back to the Grand Jury and reinstate the charges, but my -- |
| 11:18:25 | 4 | well, what is the current status of that case? That is my |
| 11:18:29 | 5 | next question. |
| 11:18:29 | 6 | MS. CULBERTSON: Your Honor -- |
| 11:18:31 | 7 | MR. ADAMS: Right now, and I just spoke with the |
| 11:18:34 | 8 | client today, right now it is going through the same process |
| 11:18:38 | 9 | again where he has been charged, he is having initial court |
| 11:18:44 | 10 | appearances, and there has been no discovery in that matter at |
| 11:18:48 | 11 | all, and we just feel like that case is -- it is not tied to |
| 11:18:54 | 12 | the entire claims in our complaint, it is tied to the false |
| 11:18:58 | 13 | arrest claim, but we also have an excessive force claim as |
| 11:19:02 | 14 | well, and we really feel like discovery should proceed. |
| 11:19:05 | 15 | THE COURT: Well, I think, and the Seventh Circuit |
| 11:19:10 | 16 | has said, that Fourth Amendment claims -- that Fourth |
| 11:19:16 | 17 | Amendment claims are not barred by the principal of Heck |
| 11:19:19 | 18 | versus Humphrey, and I am quoting Judge Posner, and he added, |
| 11:19:27 | 19 | As such claims rarely are. It was about a different claim. |
| 11:19:32 | 20 | But as far as -- in as far as you are not claiming a wrongful |
| 11:19:40 | 21 | conviction, like malicious prosecution, which I don't think |
| 11:19:43 | 22 | you are -- |
| 11:19:44 | 23 | MR. ADAMS: That is correct, Your Honor. |
| 11:19:46 | 24 | THE COURT: (Continuing) -- then the case can go |
| 11:19:52 | 25 | forward, it isn't barred by Heck. |

If any -- if down the road you are convicted then -- and I don't know that that is underlying anything in your case, that possibly would make your client less credible in some manner, but other than that, I don't know.

So my thought would be to deny the motion to dismiss under Rule 12(b)(6), and you folks go ahead and litigate your case.

So let's set it over for two weeks.

MS. CULBERTSON: Your Honor, you are denying the motion in its entirety?

MR. ADAMS: That is what it sounds like.

THE COURT: That is --

MS. CULBERTSON: I was clarifying.

Thank you.

THE COURT: Under the Federal Rules, you don't have to seek causes of action, or you don't have to seek -- I know you made issues about group -- group pleading, and so on, but in the description of the facts, it sounds like these officers were acting together at all times, and so it seems to me that discovery will fill out what needs to be specified.

But it is clear that your clients, the defendant officers, are well advised of what they are being -- not being charged, but being complained about. So I would not accept that argument.

Now, there is one about the FOIA case and a

| | | |
|---|---|---|
| 11:21:35 | 1 | conspiracy, and I will just let those ride for now, but I want |
| 11:21:40 | 2 | you to get the case moving.  Maybe it would be appropriate for |
| 11:21:51 | 3 | summary judgement down the road, but I will deny the motion to |
| 11:21:55 | 4 | dismiss. |
| 11:21:55 | 5 |     MS. CULBERTSON:  I would also -- I just want to -- I |
| 11:21:56 | 6 | know plaintiffs' counsel has had a chance to speak as to -- I |
| 11:22:02 | 7 | would just like to reiterate to Your Honor that the charges |
| 11:22:04 | 8 | were brought and there was, you know, a true bill returned by |
| 11:22:09 | 9 | a Grand Jury prior to the filing of this complaint, and under |
| 11:22:13 | 10 | the -- we think this squarely fits in with the Younger |
| 11:22:17 | 11 | doctrine that that ruling in this case could directly impact |
| 11:22:24 | 12 | the criminal proceedings, and we just strongly believe that a |
| 11:22:28 | 13 | stay would be appropriate in this matter. |
| 11:22:30 | 14 |     They are the same as the charges that are pending in |
| 11:22:33 | 15 | the criminal proceedings.  They are exactly the same, you |
| 11:22:40 | 16 | know, charges that were brought pursuant to the dates and the |
| 11:22:49 | 17 | incidents that are at issue and that are proceeding. |
| 11:22:49 | 18 |     I know Your Honor does not sound like you are |
| 11:22:51 | 19 | inclined to grant the stay, but I just wanted to make sure |
| 11:22:54 | 20 | that I was -- that I got a chance to speak and just to make |
| 11:22:59 | 21 | sure our arguments were clear. |
| 11:23:01 | 22 |     THE COURT:  Okay then. |
| 11:23:02 | 23 |     So that is my view.  You know, I don't want to get |
| 11:23:06 | 24 | hung up on writing a lengthy opinion on this because at least |
| 11:23:12 | 25 | part of these claims can go forward.  I am not suggesting |

| | | |
|---|---|---|
| 11:23:18 | 1 | anything about the merits of the allegations, but I will give |
| 11:23:23 | 2 | you a two-week -- I will give you two weeks to have your Rule |
| 11:23:29 | 3 | 16 conference and then file a proposed scheduling order. |
| 11:23:38 | 4 | So let me put it on the calendar for Wednesday the -- |
| 11:23:47 | 5 | what is it, the 17th, I think?  Wednesday the 17th.  But if |
| 11:23:52 | 6 | you get a scheduling order in before that date, I will move |
| 11:23:56 | 7 | that status date out. |
| 11:23:57 | 8 | MS. CULBERTSON:  Okay. |
| 11:23:57 | 9 | MR. ADAMS:  Thank you, Your Honor. |
| 11:24:00 | 10 | THE COURT:  Okay. |
| 11:24:01 | 11 | So Amanda, can you give us a time then on that court |
| 11:24:07 | 12 | call? |
| 11:24:08 | 13 | THE CLERK:  Yes, Judge. |
| 11:24:10 | 14 | On the 17th, I believe you are doing the Ninth |
| 11:24:15 | 15 | Circuit stuff, so maybe we can do the week after, March 24th |
| 11:24:17 | 16 | at 9:30. |
| 11:24:19 | 17 | THE COURT:  All right. |
| 11:24:23 | 18 | So try to get the order in before that date. |
| 11:24:27 | 19 | MR. ADAMS:  All right. |
| 11:24:29 | 20 | Thank you again, Your Honor. |
| 11:24:30 | 21 | THE COURT:  You are welcome. |
| 11:24:32 | 22 | MS. CULBERTSON:  Thank you, Your Honor. |
| | 23 | (Proceedings concluded.) |
| | 24 | |
| | 25 | |

1       **C E R T I F I C A T E**

3       I certify that the foregoing is a correct transcript
4  from the record of proceedings in the above-entitled matter.

6  /s/Krista Burgeson, CSR, RMR, CRR        March 12, 2021
   Federal Official Court Reporter          Date