IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MILLER and DORRIS MILLER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 20 C 6171 ) |
| VILLAGE OF MAYWOOD and POLICE OFFICERS DONNA LEWIS, MICHAEL BABICZ, DSHAUN BOLDEN, NOLAN, and UNKNOWN OFFICERS, | ) Judge Joan H. Lefkow ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Defendants' motion for reconsideration (dkt. 30) is granted. This case is hereby stayed pending disposition of the charges against Richard Miller arising from the events alleged in the complaint.

## STATEMENT

Richard Miller (along with his mother Dorris Miller, whose claims are immaterial to this motion) filed this action against the Village of Maywood and several police officers alleging civil rights claims under 42 U.S.C. § 1983 and state-law tort claims. (Dkt. 3.) Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to stay the proceedings pending resolution of the related state court criminal proceedings.[1] (Dkt. 17.) The court denied the motion at a status hearing on March 12, 2021. (Dkt. 23.) On April 8, 2021, defendants moved for reconsideration of the denial of the motion to stay. (Dkt. 30.)

A motion for reconsideration serves a limited purpose "to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks* v. *Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008). Reconsideration is only appropriate "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus* v. *Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill* v.

---

[1] On October 20, 2020, a Cook County grand jury indicted Miller on charges of possession of a stolen motor vehicle and aggravated fleeing or attempt to elude a peace officer. These charges were still pending as of September 8, 2021. (*See* Dkt. 50.)

*Tangherlini*, 724 F.3d 965 (7th Cir. 2013) (citing *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

The issue is whether the court committed an error of apprehension (not of reasoning) regarding the motion to stay the case pending disposition of the criminal charges arising from the events at issue. Defendants argue that the court based its decision in part on plaintiffs' misrepresentation that they are not raising a malicious prosecution claim, even though the complaint explicitly so claims. To support their argument, defendants point to the following exchange from the March 12 status hearing, during which the court denied their motion to dismiss and stay:

> The Court: But as far as – in as far as you are not claiming a wrongful conviction, like malicious prosecution, which I don't think you are –
> Mr. Adams: That is correct, Your Honor.
> The Court: – then the case can go forward, it isn't barred by *Heck* [v. *Humphrey*, 512 U.S. 417 (1994)].

(Dkt. 30 at 2–3.) Because the question was confusing, the answer was ambiguous. Miller is not claiming wrongful conviction but Miller is claiming false arrest and malicious prosecution.

As stated in *Gakuba* v. *O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), under *Younger* v. *Harris,* 401 U.S. 37, 53 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Specifically, "claims of damages resulting from illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during the course of his criminal case." 711 F.3d at 753.

As relevant to the motion, Miller's civil rights claims include unlawful seizure of his person, arrest without probable cause, conspiracy "to punish him for a crime he did not commit," and malicious prosecution, elements of which are lack of probable cause and, in the case of malicious prosecution, termination of the proceeding in favor of the plaintiff. *E.g.*, *Grundhoefer* v. *Sorin*, 20 N.E.3d 775, 780 (Ill. App. 2014). Since the charges arising from the May 2020 events are still pending in the Illinois court, the *Younger* abstention applies.

For these reasons, the court finds that it committed an error of apprehension and, on reconsideration, grants the motion to stay pending disposition of the criminal case.

Date: October 1, 2021

*/s/ Joan N. Lefkow*
U.S. District Judge Joan H. Lefkow